STATE of Missouri,
Plaintiff–Respondent,

v.

Roger Tex COUNTS,
Defendant–Appellant.

Nos. 16349, 16350.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 17, 1990.

Robert Z. Oberzalek, Pros. Atty., Eminence, for plaintiff-respondent.

Frederick W. Martin III, West Plains, for defendant-appellant.

PREWITT, Judge.

Following nonjury trial defendant was convicted of driving while intoxicated, § 577.010, RSMo 1986, and driving while his operator's license was revoked, § 302.321, RSMo 1986. He was sentenced to one year in the county jail for driving while his operator's license was revoked and six months in the county jail for driving while intoxicated with the sentences to run consecutively. Defendant appealed both convictions and the appeals were consolidated here.

Defendant does not challenge his conviction of driving while intoxicated. His point on appeal is that the trial court erred in finding him guilty of driving while his operator's license was revoked "in that the evidence presented was insufficient to establish beyond a reasonable doubt that appellant operated a motor vehicle with knowledge that his driving privileges were revoked."

In determining sufficiency of the evidence to sustain the conviction, this court is obligated to accept as true all direct and circumstantial evidence and all reasonable inferences which are most favorable to the state and disregard the evidence and inferences contrary to a finding of guilt. *State v. Sherrill,* 657 S.W.2d 731, 737 (Mo.App. 1983).

Both charges arise out of defendant operating a motor vehicle on October 9, 1988. A copy of defendant's driving record admitted into evidence shows that his driver's license has been revoked at least seven times since October 31, 1972, the last time prior to the date of the incidents charged was on January 15, 1987.

The highway patrolman who arrested defendant testified that in a conversation with defendant back on November 9, 1987, defendant said he knew that his driving privilege was revoked. The trooper said that in early October 1988, prior to the arrests which are the subject of this appeal, that defendant again told him he did not have a driver's license.

In his testimony defendant admitted that he did not have a driver's license in his possession on October 9, 1988, and that he ran away from the officer as a result. He stated that he had received a letter regarding reinstating his operator's license and did not believe that his privileges were revoked on that date. Defendant testified that the letter said he had to send $20 to

receive back his license. According to the copy of his driver's record he did not have it reinstated.

When defendant was asked if the trooper who arrested him "has anything against you personally?" he replied, "Well, he knows I have no driver license". Defendant knew that his license had been revoked. He knew he had to take steps to have it reinstated, but did not do so. It is a fair inference from the testimony of the trooper and defendant that defendant knew that his license was revoked on October 9, 1988.

The judgments are affirmed.

CROW, P.J., and GREENE, J., concur.