**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Danny Jo LaMASTER, Defendant–
Appellant.**

**No. 16954.**

Missouri Court of Appeals,
Southern District,
Division One.

June 28, 1991.

838

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Stephen P. Carlton, Carthage, for defendant-appellant.

PREWITT, Judge.

Following nonjury trial defendant was convicted of manufacturing marihuana in violation of § 195.020, RSMo 1986 (since repealed, see RSMo Supp.1990). Defendant was sentenced to three years' imprisonment.

For his first point defendant contends there was insufficient evidence to find the defendant "guilty as charged in the amended information". The amended information charged that defendant "committed the felony of manufacturing marihauna [sic] ... in that on or about the 25th day of February, 1989, ... the defendant knowingly cultivated marihuana, a controlled substance." Defendant contends there was no evidence from which the trial judge could have found defendant cultivated marihuana.

■ In determining sufficiency of the evidence to sustain a conviction, this court accepts as true all direct and circumstantial evidence and all reasonable inferences which are most favorable to the state and disregards the evidence and inferences contrary to a finding of guilty. *State v. Counts*, 782 S.W.2d 829 (Mo.App.1990).

■ The Barton County Sheriff went to defendant's residence based on information that there was some illegal contraband being stored there. The sheriff knocked at the rear door, informed defendant about the information they had, and defendant granted permission to search the residence. After he signed a written consent to the search, other officers entered the residence and defendant walked over to a cabinet and advised the sheriff that there was marihuana in it. In the cabinet the sheriff found a plate with seeds lying in it between two wet paper towels.

The sheriff said defendant told him he was germinating the seeds and growing it for his own use. The sheriff stated it was a common practice among farmers to place seeds of various types on plates or between towels to check their germination. Nothing was found growing in the residence. The seeds were identified as being marihuana seeds of a gram or less. Additional marihuana seeds were found in a shoe box in the cabinet.

A room in the house had dark plastic covering the windows. It had florescent lights, a thermometer, plant fertilizer, potting soil and a green leafy substance. There were containers in the room which had the tops cut off and showed signs of having contained potting soil.

Section 195.010(21), RSMo 1986 (since amended, see § 195.010(25), RSMo Supp. 1990), states:

(21) **"Manufacture"** means the production, preparation, propagation, compounding or processing of drug paraphernalia or of a controlled substance, or an imitation controlled substance, either directly or by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container, except that this term does not include the preparation or compounding of a controlled substance or an imitation controlled substance by an individual for his own use or the preparation, compounding, packaging or labeling of a narcotic or dangerous drug:

(a) By a practitioner as an incident to his administering or dispensing of a controlled substance or an imitation controlled substance in the course of his professional practice, or

(b) By a practitioner or his authorized agent under his supervision, for the purpose of, or as an incident to, research, teaching or chemical analysis and not for sale;

Section 195.010(30), RSMo Supp.1986 (since amended, see § 195.010(35), RSMo Supp.1990), states that "[p]roduction" includes "manufacture, planting, cultivation, growing, or harvesting of ... a controlled substance...."

Although cultivation is often used in regard to preparing land for, or growing crops on land, its common definition is not so limited. It also includes promoting or improving the growth of a plant or crop by labor and attention. Random House Dictionary 488 (2d ed.1987); The American Heritage Dictionary 321 (1978). The trial court had a basis to find defendant was cultivating marihuana by starting germination of the seeds prior to inserting them in dirt.

Defendant also contends that as the definition of manufacture states it does not include the preparation or compounding of a controlled substance by an individual for his own use and as this was for his own use, he was not violating the law. He acknowledges that the exception for personal use does not apply to cultivation, but preparation which he says was occurring here.

■ Defendant is correct that this exception applies to the preparation and compounding of controlled substances and not to cultivation. *State v. Smashey,* 672 S.W.2d 154, 156 (Mo.App.1984).

■ The seeds may have been in the "preparation" stage of manufacture, but manufacturing of marihuana had started as the seeds were in the process of cultivation. The reference to preparation or compounding in the exception refers to preparation or compounding for use, not for manufacture.

The evidence was sufficient for the court to find that defendant was, as charged, manufacturing marihuana by cultivating same. Point I is denied.

For his second point defendant contends the trial court erred in sentencing him "for

the reason that the legislature has failed to set the penalty for the offense of manufacturing marijuana, less than five grams." Defendant was charged with violating § 195.020, RSMo 1986, punishable as provided in § 195.200, RSMo Supp.1988. Those sections were repealed effective August 28, 1989, when § 195.211, RSMo Supp. 1989, became effective. That section states:

**195.211. Distribution, delivery, manufacture or production of a controlled substance, penalty.**—1. Except as authorized by sections 195.005 to 195.425, it is unlawful for any person to distribute, deliver, manufacture, produce or attempt to distribute, deliver, manufacture or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.

2. Any person who violates this section with respect to any controlled substance except five grams or less of marijuana is guilty of a class B felony.

3. Any person who violates this section with respect to distributing or delivering not more than five grams of marijuana is guilty of a class C felony.

The seeds seized from defendant weighed no more than a gram. Defendant contends that as there is now no penalty for manufacturing 5 grams or less, he should be discharged.

■ By not providing a penalty for manufacturing 5 grams or less of marihuana, doing such does not constitute a crime. To constitute a crime, the act must be forbidden and a penalty imposed. *State v. Randall,* 540 S.W.2d 156, 159 (Mo.App. 1976); 21 Am.Jur.2d Criminal Law § 5, p. 118 (1981); 22 C.J.S. Criminal Law § 2, p. 2 (1989).

■ As the crime with which defendant was charged did not exist at the time of trial, the first portion of § 1.160, RSMo 1986, applies. It states:

**1.160. Effect of repeal of penal statute.**—No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to

or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except (1) that all such proceedings shall be conducted according to existing laws; and (2) that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law.

The portion of the statute following (2) does not apply because the penalty or punishment was not reduced or lessened, but eliminated.[1] Thus, under the remainder of the statute, the repeal does not affect this charge. See *State v. Locke*, 587 S.W.2d 346, 349 (Mo.App.1979). Point two is denied.

The judgment is affirmed.

MAUS, P.J., concurs in result and files opinion.

CROW, J., concurs.

MAUS, Presiding Judge, concurring in result.

I concur in the result. I agree that the second part of the statute, § 1.160 part (2), would not apply for the reason expressed in the majority opinion. However, I believe the second part does not apply for a more fundamental reason. The second part is applicable to an "amendatory law". The "Comprehensive Drug Control Act of 1989", §§ 195.005 to 195.425 RSMo Supp. 1990, repealed many sections, including §§ 195.200 and 195.020. The Comprehensive Drug Control Act of 1989 is not an amendment of any specific offense. It completely redefines the drug offenses, often more specifically defining several offenses formerly encompassed in a single statute. That is true of § 195.020. In short, I believe the Comprehensive Drug

Control Act is not an "amendatory law" within the meaning of the second part of § 1.160 and is not applicable. This court so held in an opinion denying a motion to recall the mandate in *State of Missouri v. Rufus M. Sumlin, Jr.*, No. 16111, filed May 10, 1991. The case was thereafter transferred to the Supreme Court. For the reason stated, I concur in the result.

---

1. It is not necessary to decide whether there may be another reason or reasons why the penalty exception does not apply.