STATE of Missouri, Respondent,

v.

Christian NEAL, Appellant.

Christian NEAL, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 65611 & 67318.

Missouri Court of Appeals,
Eastern District,
Division One.

March 12, 1996.

Raymund J. Capelovitch, Office of the State Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David G. Brown, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Defendant was jury tried, convicted and sentenced on charges of robbery in the second degree, a class B felony, and willfully failing to appear, a class D felony. He filed a Rule 29.15 motion which was denied after an evidentiary hearing. He appeals both judgments.

■ Appeal of the Rule 29.15 denial of relief is abandoned where no point of error was briefed. *Nelson v. State,* 818 S.W.2d 285, 287 (Mo.App.1991).

■ The direct appeal issue claims plain error because of the admission of hearsay consisting of a statement contained in a police report. A friend of defendant told a police officer: (1) she had loaned her car to defendant; (2) after its return she found a chain on the floor board of her car; (3) she asked defendant about it and he told her "it's probably no good"; and, (4) she had thrown it away. Defense counsel objected, not on grounds of hearsay, but because of an incorrect reading of the statement in the report. The trial court sustained that objection. Immediately thereafter the statement in the police report was accurately read for the benefit of the jury. It contained substantially the same information regarding the lending of the car, finding a chain, a conversation with defendant, and disposition of the chain.

Under rare circumstances, not applicable here, the failure to object to hearsay testimony may be a matter of plain error. As a matter of fact no plain error occurred. First, the entire subject matter of the hearsay statement was known to defendant. Each event regarding the robbery charge involved the defendant who borrowed the car and conversed with his friend. Second, the state also offered evidence of a statement made by defendant to detectives: "[Y]ou don't need to put me in a lineup. They're going to pick me out anyway. I took the lady's necklace. I have a drug problem and I need some help." In the face of his admissions and the absence of objection there was no error, plain or otherwise, and no possibility of any manifest injustice.

We affirm.

REINHARD, P.J., and GRIMM, J., concur.