**STATE of Missouri, Respondent,**

v.

**Willie WOODARD, Appellant.**

**Willie WOODARD, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 68840.

Missouri Court of Appeals,
Eastern District,
Division One.

May 20, 1997.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa A. Fischer, Asst. Atty. Gen., Jefferson City, for respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

PER CURIAM.

Appellant, Willie Woodard ("defendant"), appeals the judgment of conviction entered by the Circuit Court of the City of St. Louis after a jury found him guilty of attempted rape, RSMo § 566.030.2 (Cum.Supp.1993), and sodomy, RSMo § 566.060 (Cum.Supp. 1993).[1] We affirm in part and remand in part.

Defendant was charged by indictment with the above charges on July 26, 1994. The offenses arose out of two different incidents involving S.T. ("victim"), the thirteen year-old daughter of defendant's girlfriend. A jury returned verdicts of guilty on both counts on April 20, 1995. On August 4, 1995, in accordance with the jury's assessment, the trial court sentenced defendant to ten years imprisonment for attempted rape and twenty years imprisonment for sodomy, to be served consecutively. Defendant raises two points on appeal.

In his first point, defendant contends the trial court erred in sustaining the state's motion in limine in part and precluding defendant from introducing specific evidence of prior sexual abuse of victim's mother.[2] The trial court did allow defendant to offer evidence that sexual abuse was "a daily topic" in victim's household and that it was discussed in front of her. We have reviewed the briefs of the parties and the record and find the trial court did not abuse its discretion in sustaining the state's motion. We affirm this point pursuant to Rule 30.25(b).

In his second point, defendant argues the trial court plainly erred in sentencing him to twenty years imprisonment on Count II, sodomy. At the trial, victim testified defendant told her to touch his penis, and, when she refused, placed her hands on his penis. At the time defendant was convicted, sodomy included the act of "deviate sexual intercourse" with another person to whom one is not married and who is less than fourteen years old. RSMo § 566.060.3 (Cum.Supp. 1993). "Deviate sexual intercourse" included hand to genital contact. RSMo § 566.010(1) (Cum.Supp.1993). The legislature then amended these provisions, making the act previously included in the sodomy statute a separate offense, see RSMo § 566.068.1 (1994), and deleting hand to genital contact from the definition of "deviate sexual intercourse." See RSMo § 566.010(1) (1994).

Under the amended statutory scheme, a person who subjects a child who is twelve or thirteen years of age to "sexual contact" commits the crime of child molestation in the second degree. RSMo § 566.068.1. The term "sexual contact" includes any touching of the genitals of another person in order to arouse or gratify the sexual desire of any person. RSMo § 566.010(3) (1994). Child molestation in the second degree is a Class A misdemeanor punishable by up to one year in prison. RSMo §§ 566.068.2 and 558.011.1(5) (1994).

Defendant argues that because his offense was reclassified from sodomy to child molestation in the second degree, the maximum sentence he could have received was one year imprisonment. We agree.[3] Under RSMo § 1.160 (1994),

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:

\* \* \*

(2) That if the penalty or punishment for any offense is reduced or lessened by

---

1. As defendant has failed to brief any issues concerning his Rule 29.15 motion on appeal, we find that appeal to be abandoned. *State v. Neal*, 918 S.W.2d 300, 301 (Mo.App. E.D.1996).

2. The mother had been sexually abused by her own father in the past.

3. We note the state concedes this point on appeal.

any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

Here, it is clear the amendments reclassifying defendant's offense as second degree child molestation lessened the range of punishment available to the court at sentencing. Further, while defendant's offense was committed prior to the legislative amendments, defendant was sentenced after the amendments went into effect. Thus, defendant could only be sentenced to a maximum of one year imprisonment under the amended statutes. On this basis, we find the trial court erred in imposing a twenty-year sentence on defendant for the charge of sodomy and remand the cause for resentencing as to that conviction. *See State v. Helmig,* 924 S.W.2d 562, 566–68 (Mo.App. E.D.1996) (holding trial court correctly sentenced defendant under amended statutes where defendant was convicted of sodomy before the amendments but was sentenced after effective date of amended provisions). The judgment is affirmed in all other respects.