**STATE of Missouri, Plaintiff–Respondent,**

v.

**Melvis PALMER, Defendant–Appellant.**

**No. 68096.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 4, 1998.

Melvis Palmer, Cameron, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

**30** ■ 

## ON MOTION TO RECALL MANDATE

ROBERT G. DOWD, Jr., Chief Judge.

We are asked to consider a motion to recall mandate filed on behalf of Melvis Palmer. On April 4, 1995, after a jury trial, Palmer was convicted of sodomy in violation of Section 566.060, RSMo Cum.Supp.1993, and sentenced by the court, as a prior and persistent offender, to a term of life imprisonment. We affirmed his direct appeal in *State v. Palmer,* 943 S.W.2d 766 (Mo.App. E.D.1997). In this motion to recall mandate, Palmer asserts that Section 1.160, RSMo 1994, entitles him to a reduction of his punishment; and he asks this court to remand the case to the circuit court for re-sentencing. The State concedes that Palmer is entitled to re-sentencing. We grant the motion to recall the mandate, vacate the sentence, and remand the cause for re-sentencing.

■ A motion to recall mandate is proper when a defendant seeks relief from defects in the appellate court proceedings. *Hemphill v. State,* 566 S.W.2d 200, 208 (Mo.1978). Palmer was charged by information on April 5, 1994, with sodomy in violation of Section 566.060, RSMo Cum.Supp.1993. During Palmer's trial, the evidence reflected that in December 1993 Palmer touched the seven-year-old victim's genitals with his hand. The verdict director required that, in order to find Palmer guilty of sodomy, the jury must find and believe that Palmer touched the victim's genitals with his hand. After hearing the evidence, the jury convicted Palmer of sodomy.

■ At the time Palmer engaged in the charged conduct, a person committed sodomy under Section 566.060 by engaging in "deviate sexual intercourse." Section 566.010, RSMo Cum.Supp.1993 defined "deviate sexual intercourse" as "any act involving the genitals of one person and the mouth, tongue, hand or anus of another person." Effective January 1, 1995, however, Sections 566.060 and 566.010 were amended. *State v. Helmig,* 924 S.W.2d 562 (Mo.App. E.D.1996). Under the amendments, hand to genital contact, the

conduct for which Palmer was charged and convicted, no longer constituted "deviate sexual intercourse." Instead, deviate sexual intercourse was defined as "any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person." Hand to genital contact was reclassified under the amendments as "sexual contact" constituting child molestation first degree. *State v. Gillespie,* 944 S.W.2d 268, 271–72 (Mo.App. E.D.1997).

The 1995 amendments also affected the punishments allowed under each offense. Prior to January 1, 1995, the conduct for which Palmer was convicted constituted a felony allowing a maximum punishment of life imprisonment. After the amendments took effect, however, hand to genital contact was reclassified as a Class C felony punishable by a maximum term of seven years' imprisonment.[1]

Pursuant to Section 1.160(2), if the punishment or penalty for any offense is reduced by any alteration of the law creating the offense, and this is done prior to sentencing, the punishment must be assessed according to the amendatory law. *Gillespie,* 944 S.W.2d at 271. While the conduct for which Palmer was charged occurred in 1993, Palmer was not sentenced until 1995. Since Palmer was sentenced after the amendments became effective, Section 1.160 entitles him to the benefit of the reduction in the punishment for such conduct.

Accordingly, we grant Palmer's motion to recall the mandate, vacate the sentence, and remand the cause for re-sentencing.

GARY M. GAERTNER and CRANE, JJ., concur.

---

1. As a prior and persistent offender, defendant can be sentenced up to twenty years. Section 558.016.7(3), RSMo 1994.