**STATE of Missouri ex rel. Richard FOWLER, Relator,**

v.

**James PURKETT, Superintendent Eastern Reception, Diagnostic and Correctional Center, Respondent.**

**No. ED 84891.**

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

Nov. 23, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 9, 2005.

---

Rosalynn Koch, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa J. Berry, Jefferson City, MO, for respondent.

## OPINION

BOOKER T. SHAW, Judge.

In his petition for habeas corpus, Richard Fowler ("Relator") attacks the lawfulness of his confinement by the Superintendent of the Missouri Eastern Reception, Diagnostic and Correctional Center, James Purkett ("Respondent"). Relator alleges he is being unlawfully restrained by Respondent because the trial court exceeded

its jurisdiction in sentencing him to thirty years imprisonment for statutory sodomy. Relator argues the statute criminalizing his conduct was amended prior to sentencing, and as a result, he was entitled to be sentenced under the amended statute, which provided for a lesser sentence. We grant Relator's petition and the remand the case for further proceedings.

Relator was charged by information with seven counts of statutory sodomy alleged to have occurred in October and November 1994, in violation of Section 566.060, RSMo 1986. Relator requested and received a bill of particulars in February 1995, alleging Relator committed the crime of statutory sodomy by "touching" his hand to the "vagina area" and "panty area" of two girls, ages seven and nine.

On March 20, 1995, pursuant to a plea agreement, Relator pleaded guilty to four counts of statutory sodomy. The State dismissed the remaining three charges against Relator. During the plea hearing, Relator admitted he "touched [the victim's] vagina" with "just [his] fingers." The trial court sentenced Relator to concurrent terms of thirty years imprisonment on each count. Relator did not seek post-conviction relief challenging his plea and sentence.

On December 16, 2003, Relator filed a writ of habeas corpus with the circuit court of St. Francois County challenging the validity of his sentence given the amendments to the statutory sodomy statute and the accompanying sentencing statute. The circuit court held Relator's actions still constituted "deviate sexual intercourse" despite the amendment, and therefore, he was sentenced correctly. Subsequently, Relator sought habeas corpus relief from this Court.

■ Rule 91.01(b) provides that "[a]ny person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint." *See also State ex rel. Beaird v. Del Muro,* 98 S.W.3d 902, 906 (Mo.App. W.D.2003). "A petition for habeas corpus relief under Missouri law is said to be limited to determining the facial validity of confinement, which is based on the record of the proceeding that resulted in the confinement." *State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 214 (Mo. banc 2001). Habeas corpus relief is also available in cases where there are circumstances so rare and exceptional that a manifest injustice would result in the absence of habeas corpus relief. *Brown v. Gammon,* 947 S.W.2d 437, 440 (Mo.App. W.D.1997).

■ As a general rule, habeas corpus relief may not be used to circumvent the time limits set out in Rule 24.035(b). *Brown v. State,* 66 S.W.3d 721, 731 (Mo. banc 2002). However, "a petitioner may be entitled to relief on a claim not raised in a post-conviction motion, if the petitioner can assert either: (1) a claim of actual innocence or (2) a jurisdictional defect or (3)(a) that the procedural default was caused by something external to the defense—that is, a cause for which the defense is not responsible—and (b) prejudice resulted from the underlying error that worked to his actual and substantial disadvantage." *Id.*

■ Relator concedes he did not seek any form of post-conviction relief in connection with his plea or the resulting sentence. Despite this concession, Relator argues he is entitled to habeas corpus relief because he is raising a jurisdictional defect, which can be brought at any time. We agree. "A sentence which is in excess of that authorized by law is beyond the jurisdiction of the sentencing court." *Merriweather v. Grandison,* 904 S.W.2d 485, 486 (Mo.App. W.D.1995). Not only is the judgment in such a case erroneous, but it

"is absolutely void and subject to collateral attack on habeas corpus." *Id.* Therefore, we find Relator's request for habeas corpus relief proper.

■ Relator was convicted of four counts of statutory sodomy in violation of Section 566.060, RSMo 1986. Section 566.060.3 states a person commits the crime of sodomy "if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years of age." *Id.* At the time Relator was charged, the term "deviate sexual intercourse" was defined as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." Section 566.010(1), RSMo 1986. A violation of Section 566.060.3, RSMo 1986, was a Class B felony punishable by life imprisonment or a term of not less than five years. Section 566.060.3, RSMo 1986.

Effective January 1, 1995, the legislature divided the crime of sodomy into two distinct categories: forcible sodomy, Section 566.060, RSMo 1994, and statutory sodomy, Section 566.062, RSMo 1994. Statutory sodomy was not modified by the amendment. Additionally, the definition of "deviate sexual intercourse" was amended to read, "any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object...." Section 566.010(1), RSMo 1994. It is clear from reading the amended statute the word "hand" has been omitted.

Under the amended statutory scheme, a person who subjects a child who is less than twelve years of age, to "sexual contact" commits the crime of child molestation in the first degree. Section 566.067, RSMo 1994. "Sexual contact" is defined as "any touching of another person with the genitals or any touching of the genitals or anus of another person ... for the purpose of arousing or gratifying sexual desire of any person." Section 566.010(3), RSMo 1994. Child molestation in the first degree is a Class C felony punishable by up to seven years imprisonment. Section 566.067.2, RSMo 1994.

Relator claims, pursuant to the amended laws, his conduct falls within the category of child molestation in the first degree, not statutory sodomy. Respondent argues that despite the amendment to the law, Relator's conduct still fits within the definition of "deviate sexual intercourse" such that his sentences were proper.

An examination of the plea transcript reveals the following exchange between Relator and his counsel with respect to the charges:

[Defense Counsel]: Now, in each of these four counts, [Relator], you indicated that you touched their vagina[s]?

[Relator]: Yes, sir.

[Defense Counsel]: And did you touch them with your hand?

[Relator]: Yes, sir.

[Defense Counsel]: Just your fingers?

[Relator]: Yes, sir.

There was no evidence presented by the State of, nor did Relator admit to, any penetration of the vaginal area. As such, in the absence of evidence of penetration, we cannot say this "touching" rose to the level of "deviate sexual intercourse." However, we do find there was sufficient evidence adduced at the plea hearing that Relator committed child molestation in the first degree in violation of Section 566.067, RSMo 1994, in that he subjected two victims who were less than twelve years of age to "sexual contact" by touching their vaginas with his hand only. *See State v. Price,* 940 S.W.2d 534, 537 (Mo.App. E.D. 1997) (placing hand on victim's genitals

constituted sexual abuse as opposed to deviate sexual intercourse under amended statutes); *State v. Palmer*, 976 S.W.2d 29, 30 (Mo.App. E.D.1998) (touching victim's genitals constituted sexual abuse, not statutory sodomy under amended statutes); *State ex rel. Nixon v. Sprick*, 59 S.W.3d 515, 519 (Mo. banc 2001) (holding direct touching of victim's vagina constituted child molestation under amended statutes).

■ Relator next argues that because his offenses were reclassified from statutory sodomy to child molestation in the first degree, the maximum sentence he could have received for each count was seven years imprisonment. We agree. Pursuant to Section 1.160, RSMo 1994: .

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:
>
> (1) That all such proceedings shall be conducted according to existing procedural laws; and
>
> (2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

While Relator's offenses occurred prior to the legislative amendments, he was sentenced after the amendments became effective. Moreover, there is no question the amendments reclassifying Relator's offenses as child molestation in the first degree lessened the range of punishment available to the trial court at sentencing. Thus, Relator could only have been sentenced to a maximum of seven years imprisonment on each count pursuant to Section 566.067.2, RSMo 1994. Therefore, we find the trial court exceeded its jurisdiction when it sentenced Relator in excess of that authorized by law. *See State v. Woodard*, 945 S.W.2d 627, 629 (Mo.App. E.D.1997).

■ Relator requests this Court to grant him immediate discharge from his confinement, relying on *State ex rel. Osowski v. Purkett*, 908 S.W.2d 690 (Mo. banc 1995). In *Osowski*, the relator was discharged after being erroneously sentenced, and then subsequently serving the term of imprisonment which exceeded the maximum allowed by law. *Id.* at 691. In this case, Relator argues since the maximum sentence for each count of first degree child molestation is seven years imprisonment, and he has served approximately nine years of the previously imposed thirty-year sentences, he should be released. We disagree.

*Osowski* is distinguishable from Relator's case because in *Osowski*, the relator pleaded guilty to one count of attempted sodomy. In the instant case, Relator pleaded guilty to four separate counts, and sentenced to four concurrent terms of thirty years imprisonment. We cannot, and will not, speculate as to whether the trial court would have ordered Relator's sentences to run concurrently or consecutively had he been sentenced properly in the first instance. The proper remedy under these circumstances is to remand Relator for resentencing within the limits authorized by law. *See Price*, 940 S.W.2d at 537 (Mo.App. E.D.1997) (remanding sodomy conviction for resentencing when "sexual abuse" definition was amended to include hand-to-genital contact, as opposed to "deviate sexual intercourse" prior to sentencing); *State v. Gillespie*, 944 S.W.2d 268

(Mo.App. E.D.1997); *Woodard*, 945 S.W.2d at 629; *Palmer*, 976 S.W.2d at 30.

Relator's petition for a writ of habeas corpus is granted and the case is remanded for resentencing.

LAWRENCE E. MOONEY, P.J., concurs.

CLIFFORD H. AHRENS, J., concurs in result.