David EDWARDS, Petitioner,

v.

Troy STEELE, Superintendent. Eastern Reception, Diagnostic and Correctional Center, Respondent.

No. ED 105946

Missouri Court of Appeals,
Eastern District,
WRIT DIVISION SIX.

Filed: November 7, 2017

Writ of Habeas Corpus

FOR PETITIONER: Kent E. Gipson, 121 East Gregory Blvd., Kansas City, MO 64114.

FOR RESPONDENT: Michael J. Spillane, P.O. BOX 899, Jefferson City, MO 65102.

ROBERT M. CLAYTON III, Presiding Judge

David Edwards ("Petitioner") has filed a Petition for a Writ of Habeas Corpus ("Petition for a Writ of Habeas Corpus" or "Petition") challenging the lawfulness of his confinement by Troy Steele, Superintendent of the Eastern Reception, Diagnostic and Correctional Center ("Respondent"). In the Circuit Court of the City of St. Louis, Petitioner was convicted of capital murder for killing Sivarh Coleman ("Victim") when Petitioner was 17 years old. Petitioner was then sentenced to life in prison without the possibility of parole for 50 years under a mandatory sentencing scheme in place at the time of his conviction that precluded consideration of Petitioner's youth and related circumstances.

In his Petition for a Writ of Habeas Corpus, Petitioner alleges he is being unlawfully restrained by Respondent because his sentence violates the Eighth Amendment to the U.S. Constitution pursuant to precedent from the U.S. Supreme Court and Missouri Supreme Court. For the reasons discussed below, we grant Petitioner habeas relief, and we direct the Circuit Court of the City of St. Louis to resentence Petitioner in accordance with this opinion.

## I. BACKGROUND

On January 16, 1980, Petitioner shot Victim after they had an argument, and Victim died as a result of his injuries. *See State v. Edwards*, 637 S.W.2d 27, 28 (Mo. 1982). At the time of the offense, Petitioner was 17 years old. Petitioner was charged with capital murder in violation of 565.001 RSMo 1978 (repealed effective October 1, 1984), which was a crime that could only be punished by death or a life sentence without the possibility of parole for 50 years.[1] As recently found by the Missouri Supreme Court, this mandatory sentencing scheme precluded consideration of an offender's youth and related circumstances. *See State ex rel. Carr v. Wallace*, 527 S.W.3d 55, 57–59 n.2, 60–61 (Mo. banc 2017) (mandated on Oct. 5, 2017).

The case was tried before a jury in the Circuit Court of the City of St. Louis, and the jury found Petitioner guilty as charged. Petitioner was then sentenced to "[l]ife [i]mprisonment without eligibility for probation or parole until [Petitioner] has served a minimum of [50] years of his sentence."

Petitioner filed a direct appeal, and the Missouri Supreme Court affirmed his conviction and sentence. *Edwards*, 637 S.W.2d at 30. Petitioner then unsuccessfully pursued collateral attacks on his conviction and sentence in state and federal court. Thereafter, Petitioner filed a petition for a writ of habeas corpus in the Circuit Court of St. Francois County ("the trial court"), the jurisdiction in which he was serving his sentence. The trial court denied the petition for a writ of habeas corpus.

Subsequently, Petitioner filed the instant Petition for a Writ of Habeas Corpus in this Court, along with Suggestions in Support and Exhibits. In his Petition, Petitioner alleges he is being unlawfully restrained by Respondent because his sentence violates the Eighth Amendment pursuant to precedent from the U.S. Supreme Court and Missouri Supreme Court. Our Court entered an Order to Show Cause to Respondent, directing him to file a return stating why the relief prayed for in Petitioner's Petition should not be granted. Respondent then filed his Response to Show Cause Order and Return to Writ. Subsequently, Petitioner timely filed a Reply and Motion for Judgment on the Pleadings along with Exhibits. We dispense with further briefing as permitted by Rule 84.24(i).[2]

---

1. At the time Petitioner committed the offense against Victim, "premeditated murder was classified as 'capital murder' and was punishable by either death or life in prison without the possibility of parole for 50 years. Section 565.001 [RSMo 1978]; section 565.008 [RSMo 1978]. In 1984 ... Missouri repealed its capital murder statute and classified premeditated murder as first degree murder punishable by death or life in prison without the possibility of parole. Section 565.020[ ] RSMo 1984." *State ex rel. Carr v. Wallace*, 527 S.W.3d 55, 57–59 n.2, 60–61 n.6 (Mo. banc 2017) (mandated on Oct. 5, 2017). To avoid unnecessary repetition, all further statutory references to Missouri's capital murder statute will not include the designation that the statute was repealed in 1984.

2. Unless otherwise indicated, all references to Rules are to Missouri Supreme Court Rules (2017).

## II. DISCUSSION

### A. This Court's Authority to Issue a Writ of Habeas Corpus and General Law

Pursuant to the Missouri Constitution, our Court has the authority to "issue and determine original remedial writs," including writs of habeas corpus. Mo. Const. art. V, section 4.1; *see State ex rel. Fleming v. Missouri Board of Probation and Parole*, 515 S.W.3d 224, 228 (Mo. banc 2017) (similarly finding with respect to the Missouri Supreme Court's authority to issue writs of habeas corpus); *see generally State ex rel. Peete v. Moore*, 283 S.W.3d 818, 819-22 (Mo. App. E.D. 2009) and *State ex rel. Fowler v. Purkett*, 156 S.W.3d 357, 358-62 (Mo. App. E.D. 2004) (decisions from this Court granting petitions for writs of habeas corpus). "[A]ny person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint." *Fowler*, 156 S.W.3d at 359 (quoting a former and identical version of Rule 91.01(b)); *see also* section 532.010 RSMo 2000; *Fleming*, 515 S.W.3d at 228.

■■■ "A prisoner is entitled to habeas corpus relief where he proves that he is restrained of his liberty in violation of the constitution or laws of the state or federal government." *Carr*, 527 S.W.3d at 59 (quotations omitted). Furthermore, although a prisoner is generally required to raise a constitutional claim in a direct criminal appeal or in a post-conviction proceeding, he is considered to have cause for failing to raise such a claim under circumstances where it is permissible for a new constitutional rule to be applied retroactively on collateral review. *Id.*

### B. Analysis of Petitioner's Claim for Habeas Corpus Relief

In this case, Petitioner claims he is entitled to habeas corpus relief because his sentence violates the Eighth Amendment pursuant to precedent from the U.S. Supreme Court and Missouri Supreme Court, including *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and *Carr*, 527 S.W.3d 55. We agree, finding the Missouri Supreme Court's recent decision in *Carr*, and the U.S. Supreme Court precedent discussed therein, is instructive to our analysis of Petitioner's claim.

In *Carr*, the petitioner seeking habeas relief ("Carr" or "Mr. Carr" or "the petitioner in *Carr*") killed three victims when he was 16 years old, and he was certified to be tried as an adult for three counts of capital murder in violation of section 565.001 RSMo 1978. *Carr*, 527 S.W.3d at 56-57, 57-59 n.2. As previously stated, capital murder could only be punished by death or a life sentence without the possibility of parole for 50 years, and this mandatory sentencing scheme precluded consideration of an offender's youth and related circumstances. *Id.* at 57-59 n.2, 60-61, 60-61 n.6. Carr was sentenced to three terms of life imprisonment without the possibility of parole for 50 years, with the sentences to run concurrently. *Id.* at 56-57. In his petition for a writ of habeas corpus before the Missouri Supreme Court, Carr claimed his sentences violated the Eighth Amendment under the U.S. Supreme Court's decision in *Miller*. *Carr*, 527 S.W.3d at 56-57. The Missouri Supreme Court agreed and granted Carr habeas relief, reasoning the following. *Id.* at 56-63.

First, the Missouri Supreme Court noted Carr did not raise his Eighth Amendment claims in his direct appeal or in a post-conviction proceeding. *Id.* at 59-60. However, during the pendency of Carr's habeas petition, the U.S. Supreme Court held *Miller* established a new substantive rule of constitutional law that must be

applied retroactively on collateral review of a juvenile offender's sentence of life without parole. *Carr*, 527 S.W.3d at 59–60 (citing *Montgomery v. Louisiana*, —— U.S. ——, 136 S.Ct. 718, 736, 193 L.Ed.2d 599 (2016)). Because Carr was seeking retroactive application of *Miller*'s substantive rule of constitutional law to the facts of his case, the Missouri Supreme Court found Carr had cause for failing to previously raise his claim that his sentences were imposed in violation of the Eighth Amendment pursuant to *Miller*, and therefore, he could seek habeas corpus relief on his claims. *Carr*, 527 S.W.3d at 59–60.

The Missouri Supreme Court then explained that in *Miller*, the U.S. Supreme Court held sentencing schemes mandating life imprisonment without the possibility of parole for juvenile offenders, without any consideration of the offender's age, age-related characteristics, or nature of the underlying crimes, are unconstitutional under the Eighth Amendment's prohibition of cruel and unusual punishment and the amendment's related requirement that the punishment for an offense be proportional to both the offender and the crime. *Carr*, 527 S.W.3d at 59–60 (citing *Miller*, 132 S.Ct. at 2463, 2475). The Missouri Supreme Court then found Carr was sentenced pursuant to a mandatory sentencing scheme that imposed the severe punishment of life in prison without the possibility of parole for 50 years, without allowing the sentencer to have any opportunity to consider factors discussed in *Miller* including Carr's age, the mitigating and attendant circumstances of his youth, his potential for rehabilitation, and the circumstances of the offenses. *Carr*, 527 S.W.3d at 59–63 (citing *Miller*, 132 S.Ct. at 2464–69, 2475). Accordingly, the Missouri Supreme Court held that, under *Miller*, Carr's sentences violated the Eighth Amendment. *Carr*, 527 S.W.3d at 59–63 (citing *Miller*, 132 S.Ct. at 2464–69,

2475). Our Supreme Court further held Carr was entitled to be resentenced in accordance with the following procedure previously outlined in *State v. Hart*, 404 S.W.3d 232 (Mo. banc 2013):

First, the sentencer must consider whether Mr. Carr's sentences of life without the possibility of parole for 50 years are just and appropriate considering his youth, maturity, and the other *Miller* factors. [*Hart*, 404 S.W.3d at 241]. If Mr. Carr elects to have a jury resentence him, the jury must be 'instructed properly that it may not assess and declare' his punishment for capital murder should be life without the possibility of parole for 50 years 'unless it is persuaded beyond a reasonable doubt that this sentence is just and appropriate under all the circumstances.' *Id.* (internal quotation omitted). The jury must also be instructed, 'before it begins its deliberations, that if it is not persuaded that life without parole [for 50 years] is a just and appropriate sentence under all the circumstances of the case, additional instructions concerning applicable punishments will be given at that time.' *Id.* at 242.

If, after considering all the circumstances, the sentencer finds Mr. Carr qualifies for life without the possibility of parole for 50 years, then that is the only authorized statutory sentence. *Id.* If, however, the sentencer is not persuaded that this sentence is just and appropriate, Mr. Carr cannot receive that sentence. Instead, the trial court must declare section 565.008 [RSMo 1978] void as applied to Mr. Carr on the ground that it does not provide a constitutionally valid punishment for his offense. *Id.*

If section 565.008 [RSMo 1978] is void, the trial court must vacate the jury's verdict finding Mr. Carr guilty of capital

murder under section 565.001 [RSMo 1978] and enter a new finding that he is guilty of murder in the second degree under section 565.004 [RSMo 1978]. *Id.* After the sentencer enters the finding that he is guilty of murder in the second degree, the sentencer must determine his sentence based on the statutory range applicable to these offenses. *Id.* at 243. Under section 565.008.2 [RSMo 1978], '[p]ersons convicted of murder in the second degree shall be punished by imprisonment by the division of corrections for a term of not less than ten years.' If Mr. Carr elects to have a jury resentence him, the jury will be provided with additional instructions regarding sentencing for murder in the second degree. *Id.* As this Court instructed in *Hart*, these additional instructions 'should not be submitted to the sentencer—unless and until the sentencer has deliberated and rejected sentencing [the juvenile offender] to [life without the possibility of parole for 50 years] for [capital murder].' *Id.* Mr. Carr would then be resentenced for second degree murder within the statutorily authorized range of punishments for that offense. *Id.*

*Carr*, 527 S.W.3d at 57–59 n.2, 61–63 (footnote omitted) (brackets in original except for initial citation to *Hart* and statutory references to RSMo 1978).

 The facts and circumstances of this case are nearly identical to those in *Carr*. Like Carr, Petitioner was not required to raise his Eighth Amendment claims in his direct appeal or in a post-conviction proceeding. *See* 527 S.W.3d 59–60. Instead, as was the case in *Carr*, Petitioner can pursue habeas corpus relief on his claims, because he seeks retroactive application of *Miller*'s substantive rule of constitutional law to the facts of his case, which is permissible under *Montgomery*, 136 S.Ct. at 736. *See Carr*, 527 S.W.3d at 59–60. Similarly, Petitioner was sentenced under a mandatory sentencing scheme that imposed the severe punishment of life in prison without the possibility of parole for 50 years, without allowing the sentencer to have any opportunity to consider factors discussed in *Miller* including Petitioner's age, the mitigating and attendant circumstances of his youth, his potential for rehabilitation, and the circumstances of the offense. *See Carr*, 527 S.W.3d at 59–63; *see also Miller*, 132 S.Ct. at 2464-69, 2475.

 In his Response to Show Cause Order and Return to Writ, Respondent essentially argues Petitioner is not entitled to habeas relief because the *Carr* decision is distinguishable in that Carr was 16 years old at the time of his offenses whereas Petitioner was 17 years old at the time of his offense. *See* 527 S.W.3d at 56–57. For that reason, Respondent contends that in order to grant Petitioner habeas relief, our Court "would have to [impermissibly] expand a Missouri Supreme Court precedent [, *Carr*,] that had itself expanded United States Supreme Court precedent [including *Miller*]." We disagree.

While Missouri law defines juvenile offenders to be those persons under the age of 17, *see* section 211.031.1(3) RSMo Supp. 2017, the U.S. Supreme Court in *Miller* defines "juvenile offenders" to be persons who are "under the age of 18 at the time of their crimes[.]" *See* 132 S.Ct. at 2460, 2469. Both the petitioner in *Carr*, who was 16 years old at the time of his offenses, met the definition of a juvenile offender under Missouri law, and was certified to be tried as an adult, as well as the Petitioner in this case, who was 17 years old at the time of his offense, meet the U.S. Supreme Court's definition of "juvenile offender[.]" *See Miller*, 132 S.Ct. at 2460, 2469 (defining a "juvenile offender[ ]" to be a person who is "under the age of 18 at the time of

[his] crimes"). Furthermore, both the U.S. Supreme Court and the Missouri Supreme Court have applied *Miller* to offenders who were 17 years old when they committed a murder. *Montgomery*, 136 S.Ct. at 725-37; *Hart*, 404 S.W.3d at 234-50. Accordingly, we hold *Miller* and *Carr* apply to Petitioner, who was 17 years old at the time of his offense.

Because Petitioner was sentenced under a mandatory sentencing scheme that imposed the severe punishment of life in prison without the possibility of parole for 50 years without allowing the sentencer to have any opportunity to consider Petitioner's youth and related circumstances, Petitioner's sentence violates the Eighth Amendment pursuant to *Carr* and *Miller*. *See* 527 S.W.3d at 59–63; *see also* 132 S.Ct. at 2460-75. Accordingly, Petitioner is entitled to be resentenced in accordance with the procedure outlined in *Carr* and *Hart*, which is set out in detail above. *See* 527 S.W.3d at 61–63; 404 S.W.3d at 241-43.

### III. CONCLUSION

Based on the foregoing, we grant Petitioner habeas relief, and we direct the Circuit Court of the City of St. Louis to resentence Petitioner in accordance with this opinion. *See Carr*, 527 S.W.3d 62–63.

Roy L. Richter, J., and Lisa S. Van Amburg, J., concur.