**James SCHMEDEKE,
Movant/Appellants,**

v.

**STATE of Missouri, Respondent.**

No. ED 83292.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 1, 2004.

S. Kristina Starke, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck Burgess, Andrea Kaye Spillars, Jefferson City, MO, for respondent.

WILLIAM H. CRANDALL, JR., Judge.

Movant, James Schmedeke, appeals from the judgment denying his Rule 29.15 motion without an evidentiary hearing. We reverse and remand.

A jury convicted movant of driving while intoxicated and driving while revoked. Movant was sentenced to four years' imprisonment for each conviction with the sentences to be served consecutively. Movant appealed from the judgment of conviction and this court affirmed. *State v. Schmedeke,* 84 S.W.3d 139 (Mo.App. E.D.2002).

Movant filed a pro se and amended Rule 29.15 motion for post-conviction relief. Movant alleged that his trial counsel rendered ineffective assistance by failing to properly investigate and call named witnesses. The trial court denied movant's motion and his request for an evidentiary hearing. Movant appeals, raising one point.

Appellate review of a trial court's ruling on a Rule 29.15 motion is limited to determining whether the trial court's findings and conclusions are clearly erroneous. Rule 29.15(k). A movant is entitled to an evidentiary hearing if the motion meets three requirements: (1) the motion must allege facts not conclusions that warrant relief; (2) the facts alleged must not be refuted by the files and records of the case; and (3) the allegations must have resulted in prejudice. *Wilkes v. State,* 82

S.W.3d 925, 928 (Mo. banc 2002). To deny a request for an evidentiary hearing, the record must conclusively show that the movant is not entitled to relief. *Id.*

For a claim of ineffective assistance of counsel, a movant must allege facts showing that counsel's performance did not conform to the degree of professional skill and diligence of a reasonably competent attorney and that he or she was thereby prejudiced. *Id.* at 927. To demonstrate prejudice, the movant must allege facts that show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 927–28. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 928.

Movant argues that the trial court clearly erred in denying his motion because his trial counsel was ineffective for failing to investigate and call named witnesses. Movant further argues that if counsel had called these witnesses there is a reasonable probability that he would have been acquitted.

To warrant an evidentiary hearing on his claim, movant had to allege: (1) the identity of the witnesses; (2) what the witnesses' testimony would have been; (3) that his counsel was informed of the witnesses' existence; (4) whether the witnesses were available to testify; and (5) the testimony would have provided a viable defense. *Id.*

Prior to voir dire for the criminal trial, movant informed the court that his counsel had failed to have any witnesses present. Movant stated that he had given counsel names of witnesses and had "asked for several of them." Movant's counsel stated that she had thoroughly investigated the case and the decision not to call the witnesses was a matter of trial strategy. Counsel also stated that she did not "want to get into anything specifically" because she thought it would harm movant's case. The trial court declined to change movant's counsel. The trial court informed movant that there could be many reasons why an attorney would decide not to call the witnesses.

At trial, a police officer testified that on February 19, 2000, he pulled over a vehicle that movant was driving. The officer stated that movant admitted drinking four beers, had alcohol on his breath, had slurred speech, had glassy and bloodshot eyes, failed field sobriety tests and refused to submit to a breath test. According to the officer, movant was intoxicated. Movant testified that on the day of his arrest he left work and went to a bar to pick up his "girlfriend," Mickey Joerling. Movant also testified that Joerling was driving the vehicle when they were stopped. During closing argument, movant's counsel suggested that the State failed to meet its burden of proof that movant was driving the vehicle and was intoxicated.

In his amended Rule 29.15 motion, movant alleged that his counsel rendered ineffective assistance by "failing to investigate certain witnesses, including Sandy Kessler, Mike Rhodes, Larry Daily, Frank Barton, before trial and failing to call witness Micky Joerling and the previously mentioned witnesses." Movant stated that these witnesses would have provided favorable testimony. Movant further alleged that Kessler owned the bar and Rhodes, Daily and Barton were patrons of the bar on the day of his arrest. According to movant, these witnesses would have testified that he was at the bar briefly and was not intoxicated when he left the bar just "minutes before the traffic stop." Movant also alleged that Joerling would have testified that he was not intoxicated and appeared to have passed all of the field sobriety tests.

In its findings, the trial court relied on movant's counsel's assertion that she had thoroughly investigated the case and the decision not to call the witnesses was a matter of trial strategy. The court then stated that a "decision not to call a witness the testimony of which counsel believes would not unqualifiedly support defense is virtually unchallengeable on a claim of ineffective assistance of counsel." The court also found that movant failed to prove the requirements for a claim that counsel was ineffective for failing to investigate and call witnesses.

The State argues that movant's counsel made a strategic decision to not call the witnesses. As stated by the trial court, strategic decisions regarding the calling of witnesses that are made after thorough investigation are virtually unchallengeable. *Lyons v. State*, 39 S.W.3d 32, 39 (Mo. banc 2001). Here, movant's counsel did state prior to voir dire that she had thoroughly investigated the case and the decision not to call the witnesses was a matter of trial strategy. However, counsel did not state the basis for her trial strategy. The mere assertion that trial counsel's conduct was trial strategy is not sufficient to preclude a movant from obtaining relief on a claim of ineffective assistance of counsel. *See Wilkes*, 82 S.W.3d at 930. To be the basis for denying post-conviction relief, the trial strategy must be "reasonable." *Id.* Because an evidentiary hearing was not conducted, counsel was not given the opportunity to explain the strategy to exclude the witnesses' testimony. *Id.* In this particular case, the record does not conclusively show that counsel's decision was reasonable trial strategy.

The State also argues that movant was not prejudiced by the failure to call the witnesses. But the testimony movant alleged would have been given could have supported his defenses that he was not driving the vehicle and was not intoxicated. The record does not conclusively show that movant was not entitled to relief. Accordingly, the trial court erred in denying movant's request for an evidentiary hearing. Movant's point is granted.

The judgment is reversed and the cause remanded for an evidentiary hearing on movant's claim.

CLIFFORD H. AHRENS, P.J., LAWRENCE E. MOONEY, J., concur.