**Norman B. ELVERUM, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 88496.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 18, 2007.

Alexandra Johnson, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Jefferson City, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Norman Elverum ("Movant") appeals from the denial of his motion for post-conviction relief under Rule 24.035.[1] He raises four points on appeal. Movant claims that the motion court erred when it denied his motion for post-conviction relief without an evidentiary hearing because: 1) his plea counsel failed to advise him of the correct range of punishment for the crimes with which he was charged; 2) his sentenc-

---

1. All rule references are to Mo. Rules Crim. P.2006, unless otherwise indicated.

ing counsel violated attorney-client privilege by telling the court that Movant had "picked up new charges in Colorado" and did so without verifying the correctness of the information; 3) the court failed to personally address Movant as to the ranges of punishment and ensure that he understood them before accepting his guilty plea; and 4) the court plainly erred in sentencing him to sixteen years' incarceration for property damage in the first degree under Section 569.100 [2] without a factual basis. We reverse and remand.

### Factual and Procedural Background

On July 23, 2003, the State charged Movant by information with four counts of property damage in the first degree under Section 569.100 [3] in that on May 16, 2003, in St. Francois County, Movant knowingly damaged "a 1995 Chevy Fleet, which property was owned by Mark Upchurch, by shooting out the back glass, and the damages to such property exceeded five hundred dollars ... a 1995 Pontiac Grand Prix, which property was owned by Cheri O'Neal, by shooting out the windshield and back glass, and the damages to such property exceeded five hundred dollars ... a

1998 Chevy Cavalier, which property was owned by Mark Upchurch, by shooting out the back glass, and the damages to such property exceeded five hundred dollars ... [and] a 1999 Dodge B350, which property was owned by P.A.T.H., by shooting out the back windows, and the damages to such property exceeded five hundred dollars."

On October 17, 2003, Movant pleaded guilty on each of the four counts to causing damage to property exceeding five hundred dollars. Movant's plea was part of a group plea, and was taken simultaneously with four other defendants' pleas on unrelated charges.[4] The court read the charges to Defendant as written in the information.[5] Each charge was read with the statement "and damages to such property exceeded five hundred dollars."

Later in the proceeding, addressing Movant, the court stated:

> Mr. Elverum, you're charged with four counts of class D felony, and, again,[6] the range is up to four years in the State Department of Corrections or a county jail term of up to one year or a fine of

---

**2.** All statutory references are to RSMo.2000, unless otherwise indicated.

**3.** Section 569.100 states, in pertinent part:

> 1. A person commits the crime of property damage in the first degree if:
> (1) He knowingly damages property of another to an extent exceeding seven hundred and fifty dollars.

**4.** Because the guilty pleas were taken together, the transcript contains facts related to all five defendants, who were represented by the same attorney. In the transcript the defendants often are not identified by name. Instead, the court identifies the order of the defendants' answers once. It appears that thereafter, Movant's answers are the third out of five. Adding to the confusion, the court occasionally failed to address the defendant's

by name, and instead addressed them by their order, "the last gentleman" or their case, "the property case," making review of the proceeding exceedingly difficult. We previously stated that simultaneous guilty pleas is a procedure "far from ideal and should be discontinued." *Guynes v. State*, 191 S.W.3d 80, 85 (Mo.App. E.D.2006). We reiterate this sentiment after reviewing this case.

**5.** During the plea hearing, the court deviated slightly from the information, stating that Defendant shot out "the windshield's back glass" on Count II.

**6.** Earlier in the proceeding, addressing a different defendant, stating the range of punishment for a Class D felony was "up to five years." The court was corrected by an attorney. Presumably, this is what the court was referring to when it said "again."

up to five thousand dollars or a combination of such fine and confinement.

Thereafter, the court continued with the proceedings against other defendants.

When the court returned to Movant's case, the State said:

On this case, Judge, the State will be recommending a total of ten years in the Department of Corrections, stand silent in the event of a favorable pre-sentence investigation. If he's placed on probation, the State will be seeking full restitution. There are two other unrelated cases that are to be dismissed as a part of this plea agreement. But we'll be seeking restitution in full on those cases as well.

On December 17, 2003, the court sentenced Movant. Movant received a suspended imposition of sentence and he was placed on probation for five years. At the sentencing hearing, the court discussed the sentencing with Movant's attorney:

Attorney: In this case my client does want the Court to grant him a suspended imposition of sentence. We've had a long discussion about the disparity between the cap and the maximum. Should he take the SES, he has a ten-year cap. Without that and the SIS, he faces, I believe, it's 28 years—four C felony counts.

Court: No, they are D's.

Attorney: I'm sorry, that's correct, sixteen ...

On February 13, 2004, the court entered an order of probation for Movant. One of the conditions of Movant's probation was that Movant was required to appear for a "prison tour." Movant failed to appear. On June 4, 2004, the court issued a capias warrant for Movant for a probation violation. A probation violation hearing was scheduled for September 17, 2004.

On September 17, 2004, Movant failed to appear at the probation violation hearing. The court revoked Movant's bond and ordered a capias warrant for his arrest. On August 22, 2005, Movant was served with the arrest warrant. On September 16, 2005, following a probation violation hearing, the court revoked his probation. Movant was sentenced to four years on each of the four counts of property damage in the first degree, with the sentences to run consecutively for a total of sixteen years.

Movant filed a *pro se* motion for post-conviction relief under Rule 24.035 and later his attorney filed an amended motion. In his motion, Movant claimed: 1) the court failed to personally address Movant as to the ranges of punishment and assure that Movant understood the ranges before accepting the guilty plea; 2) plea counsel was ineffective in that plea counsel failed to fully advise Movant as to range of punishment Movant faced; and 3) sentencing counsel violated attorney/client confidentiality in that counsel informed the court that the reason Movant failed to appear was that Movant had been "picked up" on a drug charge out of state.

The court denied Movant's motion without an evidentiary hearing. Movant appealed.

### Standard of Review

We review the denial of a post-conviction motion under Rule 24.035 to determine whether the motion court's findings of fact and conclusions of law were clearly erroneous. *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). Under Rule 24.035(h), if the court determines

that "the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held."

■ A motion court is not required to grant an evidentiary hearing on a claim for post-conviction relief unless: 1) the movant pleads facts that if true would warrant relief; 2) the facts alleged are not refuted by the record; and 3) the matter complained of resulted in prejudice to the movant. *Bequette v. State*, 161 S.W.3d 905, 907 (Mo.App. E.D.2005). To deny a request for an evidentiary hearing, the record must conclusively show the movant is not entitled to relief. *Schmedeke v. State*, 136 S.W.3d 532, 533 (Mo.App. E.D.2004).

### *Escape Rule*

■ The State urges us to dismiss Movant's first and third claims on appeal pursuant to the escape rule because Movant absconded from probation and failed to appear at a probation violation hearing. The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a defendant who escapes justice. *Nichols v. State*, 131 S.W.3d 863, 865 (Mo. App. E.D.2004). Whether or not to use the escape rule to dismiss an appellant's claims of error rests within the sound discretion of the appellate court. *Harvey v. State*, 150 S.W.3d 128, 129 (Mo.App. E.D. 2004).

Although we do not condone Movant's actions in absconding from probation, the central issues of this case move us to exercise our discretion to deny application of the escape rule and consider Movant's appeal on the merits.

### *Discussion*

#### I.

■ In his first two points, Movant argues that the motion court erred in overruling his motion without an evidentiary hearing because he alleged facts, not refuted by the record, that entitle him to relief. In his first point, Movant contends his plea counsel was ineffective in failing to advise him of the correct ranges of punishment for the crimes with which he had been charged before he entered his plea. Specifically, Movant alleges that plea counsel discussed with him the difference between a suspended imposition of sentence and a suspended execution of sentence, but did not inform him of the minimum sentence "or that concurrent sentences were a possibility." In his second point, Movant contends that his sentencing counsel was ineffective in that counsel told the sentencing court that Movant had "picked up new charges" in Colorado, in violation of attorney-client confidentiality.

Movant argues that we should remand because the motion court failed to address these claims in its findings of fact and conclusions of law in violation of Rule 24.035(j). In its findings of fact and conclusions of law, the motion court states that Movant raised "essentially one claim." The motion court restated the "one claim," as allegations "that he 'was denied his right to due process ... in that the Court failed to personally address Movant as to the ranges of punishment and assure that Movant understood them before accepting the guilty plea'... He then amplifies the claim by alleging his plea was involuntarily given because no one explained to him what the minimum sentence must be." The motion court addressed Movant's claim that the court failed to address the ranges of punishment, but made no mention of Movant's claims regarding ineffective assistance of counsel.

Rule 24.035(j) states in pertinent part: "The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Indeed, if we reviewed Movant's claims, we would

have to "furnish the necessary findings and conclusions [and] engage impermissibly in *de novo* review." *Mitchell v. State,* 192 S.W.3d 507, 510 (Mo.App. E.D.2006). While we recognize that not every failure to enter a conclusion of law or finding of fact for an issue requires reversal, see *Crews v. State,* 7 S.W.3d 563 (Mo.App. E.D.1999), in this case the court's complete failure to address Movant's ineffective assistance of counsel claims mandates reversal and remand for findings of fact and conclusions of law.

## II.

■ In his third point, Movant contends that the motion court erred in denying his motion without an evidentiary hearing because he alleged facts, not refuted by the record, which could entitle him to relief. More specifically, Movant argues that the court "failed to ensure that he understood the range of punishment prior to accepting his guilty plea" in violation of Rule 24.02. Movant pleaded that he did not know, "until the very end" when he was remanded to the custody of the Department of Corrections, what the range of punishment was. Movant stated that if he had understood the full range of punishment, he would not have pleaded guilty but would have insisted on trial.

■ "A plea must not only be a voluntary expression of the defendant's choice; it must also be a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act." *Bequette,* 161 S.W.3d at 907. As we stated above, a motion court is not required to grant an evidentiary hearing on a claim for post-conviction relief unless: 1) the movant pleads facts that if true would warrant relief; 2) the facts alleged are not refuted by the record; and 3) the matter complained of resulted in prejudice to the movant. *Id.*

■ Rule 24.02(b) provides in relevant part

> Except as provided by Rule 31.03, before accepting a plea of guilty, the court must address the defendant personally in open court, and inform defendant of, and determine that defendant understands, the following:
>
> 1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law . . .

"This rule places a burden on the court to determine that the defendant understands the range of punishment for the offenses charged." *Bell v. State,* 967 S.W.2d 304, 305 (Mo.App. E.D.1998).

During the plea hearing, the sole reference to the range of punishment was the court's statement:

> "Mr. Elverum, you're charged with four counts of class D felony, and again, the range is up to four years in the State Department of Corrections or a county jail term of up to one year or a fine of up to $5,000 or a combination of such fine and confinement."

In denying this claim, the motion court found that Movant was sufficiently apprised of the sentencing range because

> Movant was explicitly told that the maximum punishment on each count was four years in the Department of Corrections. Moreover, the State recited a plea bargain with a possible punishment of ten years, which should have alerted Movant, in the absence of any other information, to the fact the counts could run consecutively and not concurrently. The fact remains that Movant elected to proceed with the benefit of his plea bargain and receive a suspended imposition of sentence, knowing that he faced six-

teen years in prison. That much is clear from the record.

The motion court also supported its reasoning by referring to a conversation from Movant's sentencing hearing, during which Movant's counsel states that Movant "faces" sixteen years.

First, we note that Movant was not "explicitly told that the maximum punishment on each count was four years." In fact, the court told movant that he was charged with four counts and "the range [was] up to four years." The court never stated whether the range was four years on each count, or four years total. The conversation the court relied on in which Movant's attorney mentioned the total of sixteen years did not take place until the sentencing hearing, two months after Movant pleaded guilty. Furthermore, we are not persuaded by the court's reasoning that Movant understood the range of punishment because the State recommended a sentence of ten years. Ten years is neither the maximum nor minimum punishment for the crime charged. It is clear from the record that the court never informed Movant of the minimum sentence or that the sentences could run consecutively.

Moreover, Movant's plea hearing was conducted simultaneously with four other defendants, all charged with different offenses, with various ranges of punishment. It was not an ideal situation to ensure that the defendant understood the proceedings against him. With no evidence on the record that Movant was informed of the range of punishment, we cannot presume Movant understood the mandatory minimum sentence or the maximum penalty.

Thus, Movant's allegation that the court failed to explain the full range of punishment is not refuted by the record, but is confirmed by it. Movant's claim that he misunderstood the range of punishment at the time of the plea hearing is also not refuted by the record. These facts, if true, would warrant relief. Moreover, the matter complained of resulted in prejudice to Movant; Movant contends he would not have entered a guilty plea had he understood the full range of punishment. Therefore, the motion court erred in denying Movant's motion without an evidentiary hearing. Point granted.

## III.

In his final point, Movant claims that the court plainly erred in sentencing Movant to sixteen years' incarceration for property damage in the first degree based on damages over five hundred dollars. More specifically, Movant contends that Section 569.100 defines felony property damage as knowingly damaging the property of another to an extent exceeding seven-hundred and fifty dollars, not five hundred dollars. Movant argues that, therefore, the information is incorrect and there is no factual basis for his guilty plea. Movant claims that this violates Rule 24.02(e), which states that a court shall not enter a judgment on a guilty plea unless it determines that there is a factual basis for the plea. While this point is included in Movant's appeal from the denial of post-conviction relief, it appears to be an attempt at a direct appeal from the guilty plea.

The information charged Movant with four counts of property damage in the first degree under Section 569.100, alleging that Movant knowingly damaged four vehicles and the damages to each vehicle exceeded five hundred dollars. The court read the charges to Movant, stating in each charge that "damages to such property exceeded five hundred dollars." After proceeding against other defendants, the court asked movant:

Court: Tell me what you did ... on or about May 16th, 2003, which led to these four charges of property damage in the

first degree filed against you. Movant: I caused property damage to four different vehicles. And I apologize for that. Court: You did that by shooting out the windshields or the back glass of these various automobiles; is that right?

Movant: Yes, sir.

Court: And in each case where you did this, under each count, the damage to the respective property exceeded five hundred dollars.

Movant: Yes, sir.

Movant contends that the facts to which he pleaded guilty support only a misdemeanor conviction under Section 569.120, property damage in the second degree,[7] and not a felony conviction under Section 569.100, which states in pertinent part:

> 1. A person commits the crime of property damage in the first degree if:
> (1) He knowingly damages property of another to an extent exceeding *seven hundred and fifty* dollars . . .

Emphasis added.

Movant's plea counsel did not object to the information and did not appeal the errors contained therein. She also failed to object to the court's failure to establish a factual basis under Section 569.100, and Movant's post-conviction counsel failed to include this error in Movant's 24.035 motion. Indeed, the error was not raised until Movant's appellate counsel filed a substitute brief with this court, raising the issue for the first time on appeal. Therefore, Movant requests that we review this claim for plain error review.

 In this point, Movant has asserted two distinct claims, neither of which we have jurisdiction to review. First, Movant's claim regarding the sufficiency of the information is not properly raised in a post-conviction motion. That claim should have been raised on direct appeal, and therefore we lack jurisdiction to review it. See, *State v. Sharp,* 39 S.W.3d 70, 72 (Mo. App. E.D.2001); *Dodds v. State,* 60 S.W.3d 1, 6 (Mo.App. E.D.2001). Second, although Movant's contention regarding the lack of factual basis for his plea is cognizable in a post-conviction motion, see *State v. Phillips,* 204 S.W.3d 729, 732 (Mo.App. S.D.2006), Movant failed to raise this claim in his motion for post-conviction relief. This court lacks jurisdiction to consider claims not asserted in a defendant's post-conviction motion. *Carter v. State,* 215 S.W.3d 206, 212 (Mo.App. E.D.2006); *Wright v. State,* 125 S.W.3d 861, 867 (Mo. App. S.D.2003). Therefore, our court is the incorrect forum for raising these claims, which may be more properly asserted in a writ of habeas corpus. See, e.g., *State ex rel. Verweire v. Moore,* 211 S.W.3d 89 (Mo. banc 2006); *State ex. rel. Fowler v. Purkett,* 156 S.W.3d 357 (Mo. E.D.2004). Movant's final point is denied.

### *Conclusion*

We reverse and remand for an evidentiary hearing to determine if Movant understood the correct range of punishment for the charges at the time he pleaded guilty. We also remand to the motion court to enter findings on Movant's claims of ineffective assistance of counsel.

CLIFFORD H. AHRENS, P.J., and MARY K. HOFF, J., concur.

---

7. Property damage in the second degree
 1. A person commits the crime of property damage in the second degree if:
 (1) He knowingly damages property of another.

Property damage in the second degree is a class B misdemeanor.