Paul Joseph MURTA, Movant–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 28919.

Missouri Court of Appeals,
Southern District,
Division One.

July 24, 2008.

Ellen H. Flottman of Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jane T. Woods, Asst. Atty. Gen. of Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Judge.

Paul Murta (Murta) appeals from an order denying his amended Rule 24.035 motion for post-conviction relief following an evidentiary hearing.[1] Murta's amended motion alleged, *inter alia*, that his guilty pleas were unknowing, unintelligent and involuntary because the plea court failed to inform Murta of the applicable ranges of punishment as required by Rule 24.02(b). The motion court found that Murta failed to prove that allegation and denied relief. This Court affirms.

On November 7, 2005, Murta was charged by three separate informations with committing one count of second-degree arson (a class C felony), one count of first-degree property damage (a class D felony), two counts of second-degree bur-

glary (a class C felony), and one count of stealing (a class C felony). *See* § 569.050; § 569.100; § 569.170; § 570.030 RSMo Cum.Supp. (2004). Each class C felony was punishable by a term of imprisonment in the Department of Corrections (DOC) for up to seven years, or a special term of imprisonment in the county jail or other authorized penal institution for up to one year; and/or a fine of up to $ 5,000. *See* § 558.011 RSMo Cum.Supp. (2004); § 560.011(1). The class D felony was punishable by a term of imprisonment in the DOC for up to four years, or a special term of imprisonment in the county jail or other authorized penal institution for up to one year; and/or a fine of up to $ 5,000. *See* § 558.011 RSMo Cum.Supp. (2004); § 560.011(1). If the foregoing charges resulted in multiple sentences of imprisonment being imposed, the sentences could be run concurrently or consecutively in the court's discretion. *See* § 558.026.

Murta was represented by Jeremy Farishon (Farishon). The same day charges were filed, Murta was arraigned by Circuit Judge William Seay. At that hearing, Farishon filed a document waiving formal arraignment, and Murta acknowledged that he had signed the form. The waiver form emphasized that it had to be "**COMPLETED BY DEFENDANT!**" In relevant part, and with the handwritten portions of the form reproduced in italics, the form stated:

9. My lawyer has explained to me the nature of the charge or charges against me.

10. I understand that I am charged with the following crime(s):

*Burglary 2nd C felony × 2*

*Property Damage 1st D felony*

1. All references to rules are to Missouri Court Rules (2006). All references to statutes are to RSMo (2000) unless otherwise specified.

*Arson 2nd C felony*

*Stealing C felony*

11. I fully understand every crime which the State has charged that I did.

12. I have been told and understand that the range of punishment which the law provides in this case is:

*4: C felony 1–7 yr DOC; Up to 1 yr CCJ; Up to $5000 fine*

*1: D felony 1–4 yr DOC; Up to 1 yr CCJ; Up to $5000 fine consecutive or concurrent.*

Murta pled not guilty to each of the charges, and the judge set the matter for trial on May 22, 2006.

On the day the trial was to commence, Murta decided to change his plea. The State entered a *nolle prosequi* as to the two counts of second-degree burglary. In return, Murta agreed to plead guilty to the remaining charges against him. Murta was placed under oath by Judge Seay, who was the same judge that had arraigned Murta. As previously noted, Judge Seay had reviewed a waiver form at the arraignment that had been signed by Murta and that correctly recited the applicable range of punishment for all of the offenses with which he was charged. Murta testified that he was not under the influence of any medications, alcohol or narcotics. The judge detailed the various rights associated with a trial that Murta was relinquishing through his guilty plea. Murta acknowledged his understanding of all those rights and affirmed his desire to plead guilty. Murta denied that any threats or promises had been made to induce his pleas, including any promises about the

sentence he would receive. Murta also acknowledged his understanding that the court was free to impose any sentence within the range of punishment permitted by law. Neither the court nor counsel, however, expressly recited what the actual range of punishment was. Murta admitted that he was pleading guilty because he was, in fact, guilty of each remaining charged offense.

Murta then addressed each count and explained in his own words what he had done.[2] The court asked Murta if he was satisfied with counsel, and Murta agreed that he was. The court then addressed plea counsel Farishon, who affirmed that he had discussed with Murta all of his legal rights and defenses, as well as all of the accumulated evidence in the various cases. Murta was mentally competent, and Farishon knew of no reason why the court should not accept Murta's guilty pleas. Next, the prosecutor presented in considerable detail the State's anticipated evidence on each count. Thereafter, the court accepted Murta's guilty pleas. Sentencing was deferred so a sentencing assessment report could be prepared.

At the August 2006 sentencing hearing, the prosecutor requested the maximum penalty on each count and asked the court to require Murta to serve all of his sentences consecutively. Farishon requested probation so that Murta could work and repay the victims for their losses. The court sentenced Murta to imprisonment in the DOC for seven years on the arson offense, six years on the stealing offense and three years on the property damage

---

**2.** Regarding the arson charge, Murta said he broke into a house, stole some items and then burned the house down. He did not have permission to either enter the house or burn it. Regarding the property damage charge, Murta said that he destroyed the whole interior of the duplex where he was living without permission and that the damage exceeded $750. Regarding the stealing charge, Murta said he took over $500 worth of beer from a distributor's truck without permission. Murta admitted that he knew all of the foregoing conduct was against the law.

offense and specified that all of the sentences run consecutively. The court also retained jurisdiction to determine whether probation would be appropriate pursuant to § 559.115 RSMo Cum.Supp. (2004). The court advised Murta that he was not guaranteed later release under that statute and, if the prosecutor objected, release on probation was unlikely to occur. Following sentencing, Murta affirmed that he had fully discussed his case with Farishon and that he had no complaints about counsel's services.

Murta subsequently filed a *pro se* Rule 24.035 motion. Appointed counsel filed an amended motion raising two claims: (1) Murta was coerced into entering a guilty plea because Farishon provided ineffective assistance of counsel by assuring Murta that he would be released on probation after completing 120 days of treatment; and (2) Murta's guilty pleas were "unknowing, unintelligent and involuntary" because the plea court failed to inform Murta of the applicable ranges of punishment as required by Rule 24.02(b).

On August 23, 2007, the motion court held an evidentiary hearing on the amended motion. Murta appeared in person and by counsel Jason Tilley. The judge noted that "the cause was submitted on the transcript of sentencing, and of arraignment and the contents of the court file of the underlying criminal case[.]" Neither Murta nor Farishon testified at the hearing, and Murta presented no other evidence to support the allegations in his amended motion.

The motion court subsequently issued an order overruling Murta's amended Rule 24.035 motion. The court issued findings of fact and conclusions of law concerning each claim in the motion. With respect to the second claim (which is the only one at issue in this appeal), the motion court specifically found: "[t]his allegation is clearly

refuted by the transcript of the arraignment hearing, and the waiver of arraignment form signed by [Murta]. [Murta] presented no evidence to support this allegation." This appeal followed.

■ Murta bore the burden of proving the grounds asserted in his motion requesting post-conviction relief by a preponderance of the evidence. Rule 24.035(i); *Harris v. State*, 184 S.W.3d 205, 209 (Mo.App.2006). Appellate review of an order sustaining or denying a motion for post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Watson v. State*, 210 S.W.3d 434, 437 (Mo.App. 2006). "[T]he findings of the motion court are presumptively correct." *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). The clearly erroneous standard is satisfied only if, after a review of the entire record, this Court is left with the definite and firm impression that a mistake has been made. *Watson*, 210 S.W.3d at 437.

■ The only issue presented by Murta's appeal is whether the motion court clearly erred in denying relief as to the second claim in the post-conviction motion. The transcript of the guilty plea hearing reveals that Judge Seay did not personally inform Murta in open court of the mandatory minimum and maximum possible penalties of the offenses with which he was charged. Murta argues that the evidence of this omission alone was sufficient to prove that his guilty pleas were unknowing, unintelligent and involuntary. This Court disagrees.

In relevant part, Rule 24.02 states:

(b) Advice to Defendant. Except as provided by Rule 31.03, before accepting a plea of guilty, the court must address the defendant personally in open court, and inform defendant of, and determine

that defendant understands, the following: 1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. . . .

"Failure to comply with the formal requirements of Rule 24.02(b) alone, however, does not necessarily require that the guilty plea be set aside." *State v. Ralston,* 39 S.W.3d 546, 550 (Mo.App.2001). As the eastern district of this Court explained in *Holland v. State,* 990 S.W.2d 24 (Mo.App. 1999):

> [T]he requirements and procedures articulated in Rule 24.02 do not constitute an unalterable script that a court must follow before accepting a defendant's guilty plea. Although the wisest course for the court accepting a defendant's guilty plea may be to meticulously follow in detail the specific items enumerated by Rule 24.02, the failure to methodically trace in succession each of the items pronounced by the rule does not necessarily constitute prejudicial error.

*Id.* at 29. In order to obtain relief, Murta had to prove two things by a preponderance of the evidence. First, he had to prove that he did not understand the applicable ranges of punishment of the offenses with which he was charged. *Holland,* 990 S.W.2d at 30. Second, he had to prove that "he would have proceeded to trial if he had been properly advised about the range of punishment. This type of showing is required to demonstrate prejudice." *Cole v. State,* 850 S.W.2d 406, 409 (Mo. App.1993). Therefore, the dispositive factual issues for the motion court to decide were whether Murta understood the ranges of punishment when his guilty pleas were accepted and, if not, whether he would have insisted on going to trial if he had been properly advised about the ranges of punishment by the plea court.

At the evidentiary hearing, the only materials presented to the motion court were: (1) the arraignment transcript; (2) the sentencing transcript; and (3) the contents of the criminal case files, which included the guilty plea transcript. The waiver form, which Murta admittedly signed and filed with Judge Seay at the arraignment, demonstrates that Murta understood the correct ranges of punishment prior to pleading guilty. Because neither Murta nor Farishon testified, no contrary evidence was adduced at the evidentiary hearing. Just as importantly, the motion court was presented with absolutely no evidence that, if Judge Seay had reviewed the applicable ranges of punishment, Murta would not have pled guilty and would have insisted on going to trial. By relying on the case record alone to prove his claim, all Murta established was that he was not personally informed about the applicable ranges of punishment by the plea court. Murta presented no evidence, however, to prove his allegation that said omission rendered his guilty pleas unknowing, unintelligent and involuntary. "Allegations in a post-conviction motion are not self-proving." *Nunley v. State,* 56 S.W.3d 468, 470 (Mo.App.2001); *Cole v. State,* 223 S.W.3d 927, 931 (Mo.App.2007).

The motion court made a factual finding that Murta did understand the applicable ranges of punishment when he pled guilty. After reviewing the entire record, we do not find this factual finding to be clearly erroneous. Therefore, Murta was not entitled to post-conviction relief because he failed to prove that he was prejudiced by the plea court's failure to comply with Rule 24.02. *See, e.g., Holland,* 990 S.W.2d at 30 (movant failed to prove that he was prejudiced by a violation of Rule 24.02 because the record revealed that he understood the range of punishment and offered his plea voluntarily); *Dean v. State,* 901 S.W.2d

323, 328 (Mo.App.1995) (movant failed to prove that he was prejudiced by a violation of Rule 24.02 because the record conclusively established that he understood the maximum penalty confronting him when he entered his guilty plea). "Unless [defendant] can establish that the circuit court's failure to inform him personally of his rights rendered his plea involuntary or unintelligent, he has not established a right to have the judgment accepting his plea set aside." *Dean*, 901 S.W.2d at 328.

On appeal, Murta primarily relies upon *Elverum v. State*, 232 S.W.3d 710 (Mo. App.2007); *Bell v. State*, 967 S.W.2d 304 (Mo.App.1998); and *Dean, supra.* All three decisions are factually distinguishable. In each, the motion court denied relief without an evidentiary hearing, even though the movant alleged that he would not have pled guilty and insisted on a trial if he had known the correct range of punishment. *Elverum*, 232 S.W.3d at 715; *Bell*, 967 S.W.2d at 305; *Dean*, 901 S.W.2d at 328. Each case was remanded for an evidentiary hearing to determine whether the movant understood the correct range of punishment when he pled guilty and, if not, whether he sustained any prejudice from the violation of Rule 24.02. *Elverum*, 232 S.W.3d at 717; *Bell*, 967 S.W.2d at 305; *Dean*, 901 S.W.2d at 328. In contrast, the case at bar involves a situation in which the movant already had his evidentiary hearing and failed to present any evidence tending to prove that he misunderstood the applicable range of punishment and that he sustained any prejudice from the plea court's failure to strictly follow Rule 24.02(b). Therefore, the motion court did not clearly err in finding that Murta presented no evidence to support this claim in his amended motion.

After a review of the entire record, this Court is not left with the definite and firm impression that a mistake has been made.

*Watson v. State*, 210 S.W.3d 434, 439 (Mo. App.2006). The motion court's findings of fact and conclusions of law are, therefore, not clearly erroneous. *Id.*; Rule 24.035(k). The order denying Murta's amended Rule 24.035 motion is affirmed.

BARNEY, J., and SCOTT, P.J., Concur.