ROY L. RICHTER, Judge
Terrance Covington ("Movant") appeals from the motion court's judgment, after an evidentiary hearing, denying his Rule 29.15 motion for post-conviction relief. Movant was convicted, following a jury trial, of two counts of first-degree robbery, in violation of Section 569.020 RSMo.,[1] and two counts of armed criminal action, in violation of Section 571.015. Movant was sentenced as a prior and persistent offender to concurrent terms of 28 years of imprisonment on each of the four counts. This Court affirmed those convictions on appeal in State v. Covington, 501 S.W.3d 914 (Mo. App. E.D. 2016). We affirm.
I. Background
The history of this case begins on the morning of June 1, 2012, when Herbert Harris ("Harris") and Debra Henry ("Henry") went to the Currency Exchange on Jefferson Avenue in St. Louis to get money to pay their rent and electric bill. While in the Currency Exchange, Harris noticed a man riding a bicycle around their car and went outside to investigate. He returned with a man Henry did not know, later identified as Movant. After they were finished, Harris talked to Henry about getting a television, which led them to follow Movant and his associate to an address on Texas Avenue. Harris later admitted that instead of going to buy a television from Movant, he was going to buy an ounce of marijuana.
Once all the parties arrived at Texas Avenue, Movant ran into one of the homes. Meanwhile, his associate approached Harris and Henry's car on the passenger's side and revealed a small black gun, telling Henry to "give it up," at which point she handed him her purse containing her cell phone, lottery tickets, and $60 cash. Movant then reappeared and approached the car on the driver's side, putting a larger gun to the back of Harris's ear, telling his associate, "Kill that m___ f___. Shoot the b___," in reference to Henry, at which point Harris gave Movant his wallet containing the money order for the rent. Harris and Henry were then told to drive away.
Later that day, Movant attempted to cash the money order at the North Grand Currency Exchange location, providing identification. The employee at that location had been notified that the money order was stolen earlier in the day, so she confiscated the money order and called the police. Police used the identification Movant provided to obtain a picture, which they put into a photo spread. Henry identified Movant from the photo spread, and later she and Harris identified Movant from a photo of a live line-up. Movant was then arrested and charged with the counts mentioned supra.
The State endorsed Harris as a witness prior to trial, but later elected not to call him to the stand. Henry was the only *472 witness to the robbery to testify. Movant's counsel ("Trial Counsel") also elected not to call Harris. After the Defense rested without calling any witnesses, the court inquired of Movant regarding his right not to testify, and then allowed Trial Counsel to make the following record:
Trial Counsel: [Movant], you and I have talked about whether or not to call [Harris] as a witness since the State didn't call him as a witness. I told you that my feeling was that based upon his deposition and the fact that the state gets to cross-examine him, that he's too much of a loose cannon and that I think that there's too many pitfalls to put him on the witness stand, and that I don't believe that the evidence that he would give would necessarily put us in a better position ... And we've talked about that, haven't we?
Movant: Yes.
Trial Counsel: And I will call him if you want, but a lot more is going to come in, because right now there is no - he hasn't testified that he was robbed or anything. But if he gets up there, I can pretty well tell you that that's going to come out, and we've talked about that ... do you agree with me not to put him on the stand?
Movant: Yeah, I agree with you.
Trial Counsel: Well, you hesitated, so ...
Movant: No, I agree.
Trial Counsel: And there's been no other witnesses that we're aware of to any of these allegations, right?
Movant: Right.
Trial Counsel: So we're not going to be putting on any evidence, and we both agreed to that, haven't we?
Movant: Right.
...
Trial Counsel: And I've told you that I think that that's the best course of action, and you haven't said you disagree with me ...
Movant: Right, I agree.
Trial Counsel: That's what we're going to do. Okay?
Movant: (Nodding head)
Movant was convicted on all counts, and this Court affirmed those convictions. See Covington, supra.
Subsequently, Movant filed a Rule 29.15 motion for post-conviction relief. Appointed counsel then filed an amended motion that was accepted as timely, pursuant to Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991). In that motion, Movant argued Trial Counsel was ineffective because (1) in making a record with Movant regarding the decision not to call Harris as a witness, Trial Counsel revealed privileged communications with Movant resulting in an actual conflict of interest during a critical stage of the proceedings, and (2) for failing to call Harris as a witness. After an evidentiary hearing in June of 2017, the motion court issued its findings of fact and conclusions of law denying relief on August 28, 2017. This appeal follows.
II. Discussion
Movant raises two points on appeal, each alleging that the motion court's denial of his Rule 29.15 motion violated his rights to effective assistance of counsel, due process of law, and a fair trial under the Fifth, Sixth, and Fourteenth amendments to the United States Constitution, and Article I, Sections 10 and 18(a) of the Missouri Constitution. First, Movant argues the motion court clearly erred and abused its discretion in denying Movant's Rule 29.15 post-conviction motion claim that Trial Counsel's decision to reveal client confidences and create a record regarding Trial Counsel's decision not to call Harris as a witness *473 created an actual conflict of interest during a critical stage of the proceedings.
In his second point on appeal, Movant argues the motion court clearly erred and abused its discretion in denying Movant's Rule 29.15 motion claim that Trial Counsel was ineffective for failing to call Harris as a witness. Movant asserts there is a reasonable probability that, but for Trial Counsel's failure to call Harris as a witness, the jury would have acquitted Movant of all charges.
A. Standard of Review
Our review of a motion court's denial of a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Missouri Supreme Court Rule 29.15(k). The motion court's findings are presumed correct and are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006) ; Gehrke v. State, 280 S.W.3d 54, 56-57 (Mo. banc 2009). Further, the movant bears the burden of proving his claims for relief by a preponderance of the evidence. Rule 29.15(i).
B. Analysis
Point 1: Conflict of Interest in Making the Record
Movant's first point on appeal alleges the motion court erred in denying post-conviction relief because, in making the record on the decision not to call Harris as a witness, Trial Counsel created an actual conflict of interest at a critical stage of the proceedings. Movant asserts that Trial Counsel revealed confidential information which harmed Movant's interests, and it was inappropriate for counsel to make this record and for the court to allow it. We disagree.
To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) his attorney "failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances," and (2) that he was prejudiced thereby. Sanders v. State, 738 S.W.2d 856, 857 (Mo. banc 1987) (citing Strickland v. Washington, 466 U.S. 668, 687-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). To show prejudice, the movant must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A movant must overcome the "strong presumption" that counsel's conduct was reasonable and effective, by identifying "specific acts or omissions of counsel that, in light of the circumstances, fell outside the wide range of professional competent assistance." Johnson v. State, 406 S.W.3d 892, 899 (Mo. banc 2013) ; Davis v. State, 486 S.W.3d 898, 906 (Mo. banc 2016) (quoting Zink v. State, 278 S.W.3d 170, 176 (Mo. banc 2009) ).
The Missouri Rules of Professional Conduct state that a lawyer "shall not reveal information relating to the representation of the client unless ... the disclosure is impliedly authorized in order to carry out the representation...." Mo. Rule Prof'l Conduct 4-1.6. When asserting Trial Counsel had a conflict of interest, a movant must show "an actual conflict of interest adversely affected counsel's performance." Neal v. State, 379 S.W.3d 209, 219 (Mo. App. W.D. 2012) ; see also Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (stating that a defendant who raised no objection at trial must demonstrate that an actual conflict of *474 interest adversely affected his lawyer's performance). To show an actual conflict of interest, "something must have been done by counsel or must have been forgone by counsel and lost to defendant, which was detrimental to the interests of defendant and advantageous to another." Neal, 379 S.W.3d at 219 (quoting Cooper v. State, 356 S.W.3d 148, 155 (Mo. banc 2011) ). Until a movant shows trial counsel "actively represented conflicting interests," he has not established a claim of ineffective assistance of counsel. Cuyler, 446 U.S. at 349-50, 100 S.Ct. 1708.
On appeal, Movant finds fault with Trial Counsel's decision to make a record on the decision not to call Harris as a witness, asserting that this was a breach of his duty of confidentiality because it revealed protected attorney-client communications. Movant reasons that because he had not complained about Trial Counsel's decision not to call Harris, and had not alleged ineffective assistance, Trial Counsel was not permitted to make this record. Movant further alleges that this created an actual conflict of interest at a critical stage of the proceedings. The motion court found Movant's allegation was "without merit" and we agree.
We find the Missouri Supreme Court's decision in White v. State instructive in our analysis of this issue. 939 S.W.2d 887, 894 (Mo. banc 1997). In that case, Mr. White alleged his trial counsel was ineffective in calling movant to the stand to make a record on the decision not to call certain witnesses, arguing that conduct "impermissibly invaded the province of the attorney client relationship." Id. First, the court found "it is not improper for counsel to take steps to protect his own interest if in doing so, he does not disclose confidences of his client which harm the client's interest," and also that "there is no per se rule that prejudice will be presumed when counsel makes a record that has the effect of refuting subsequent claims of ineffective assistance of counsel." Id. The court then denied Mr. White's request for post-conviction relief because, "aside from conclusions, no specific information disclosed by the questioning [was] alleged in the pleadings," and there was no "allegation as to how such disclosure might have harmed movant so as to undermine confidence in the outcome of the trial." Id.
Here, Movant also fails to allege anything more than mere conclusions, and also fails to point to how any of the information disclosed when counsel made this record harmed Movant's case. See id. Movant merely asserts the bare conclusion that this impaired his defense by revealing strategic decisions and the reasoning behind them to the State prior to the submission of the case to the jury, and the State was then able to capitalize on Trial Counsel's failure to call Harris and present certain evidence as promised. However, the State would have been able to make that same argument regardless of whether Trial Counsel had made this record, because Trial Counsel promised in his opening statement that the jury would hear from Mr. Harris about the attempted marijuana purchase, and Mr. Harris's prior convictions.[2] Movant fails to cite, and this Court cannot find, a single case showing how this decision harmed Movant's interests under the facts of the instant case. Trial Counsel was not ineffective in making this record because he did not reveal any information that harmed his client's interests, and the only effect of his making a record was to refute subsequent claims of ineffective assistance of counsel. See id.
Additionally, Movant has failed to show how the results would have been different *475 if Trial Counsel did not make this record, or that something was done by counsel or forgone by counsel and lost to defendant, which was detrimental to the interests of defendant and advantageous to another. See. id. (finding that conclusions, without more, do not assert either ineffective representation or prejudice). Thus, Movant has not shown that Trial Counsel had an actual conflict of interest, and he has not satisfied the prejudice prong of the Strickland test. See Strickland, 466 U.S. at 694, 104 S.Ct. 2052 ; see also Neal, 379 S.W.3d at 219. Therefore, the motion court did not clearly err, and Point One is denied. See Rule 29.15(k)
Point 2: Failure to Call Harris as a Witness
Movant's second point on appeal alleges that Trial Counsel was ineffective in not calling Harris as a witness, as Harris's testimony would have provided a viable defense. Further, Movant argues he was prejudiced by the failure, because Trial Counsel had told the jury in his opening statement that they would hear from Mr. Harris and this failure allowed the State to make an adverse inference argument about the failure to call Harris and present evidence on the attempted marijuana sale, as well as Harris's prior convictions. Again, we disagree.
As discussed in our analysis of Movant's first point, to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) his attorney "failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances," and (2) that he was prejudiced thereby. Sanders, 738 S.W.2d at 857 (Mo. banc 1987). To show prejudice, the Movant must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. There is a presumption that counsel made all significant decisions in the exercise of his reasonable professional judgment and that any challenged action was part of counsel's sound trial strategy. State v. Tokar, 918 S.W.2d 753, 761 (Mo. banc 1996). However, to be the basis for denying post-conviction relief, the trial strategy must be reasonable. Schmedeke v. State, 136 S.W.3d 532, 534 (Mo. App. E.D. 2004).
Where the alleged error involves failure to call a witness at trial, the movant must show (1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense. Williams v. State, 168 S.W.3d 433, 441 (Mo. banc 2005). The selection of witnesses and evidence are matters of trial strategy, virtually unchallengeable in an ineffective assistance claim. Id. at 443. And when trial counsel believes a witness's testimony would not unequivocally support his client's position, it is a matter of trial strategy not to call him, and the failure to call such witness is not ineffective assistance. Placke v. State, 341 S.W.3d 812, 818 (Mo. App. S.D. 2011).
At the outset of our analysis on this point, we note that when Trial Counsel made the record regarding not calling Harris as a witness, Movant stated at least seven times that he agreed with this decision. And when the court followed up, saying, "Mr. Covington, I just want to be sure, because I want to do whatever you think is best for you. Are you in agreement with the things that [Trial Counsel] just talked about concerning your strategy in this case," Movant said "yeah, I agree." While it is true that Trial Counsel knew about Harris, that he was in the court *476 room during trial, and he would have testified if called, we cannot find that Harris's testimony would have produced a viable defense. Had Harris testified, the jury would have heard him describe how Movant put a gun to his head, and then told his associate to "Kill the m___ f___," and to "shoot the b___," in reference to Henry. The motion court found that adding such testimony would be "far more damaging," and that finding was not clearly erroneous.
Harris's conduct at the evidentiary hearing is also worth noting, as it further shows Trial Counsel was reasonable in his assessment that Harris was a "loose cannon." At the evidentiary hearing, Harris started multiple answers with "Hell yeah," and at one point told Movant's Appellate Counsel, "[s]ee, and I want to ask you, do I have to answer the question before - could I ask you a question?" This, together with the damaging nature of Harris's testimony, further shows that Trial Counsel's decision to not call Harris to the stand was reasonable trial strategy.
Movant reasons that Harris's testimony would have contradicted Henry's testimony that they followed Movant in order to buy a television. But Harris testified at the evidentiary hearing that he never told Henry they were actually going to buy marijuana, so when Henry testified they were buying a television, she was simply stating what happened as she knew it to be true. Trial Counsel testified at the evidentiary hearing that he did not believe what Harris was going to testify to "would have been in any way advantageous to the ultimate evidence against [Movant]." We find that it was a matter of reasonable trial strategy not to call Harris as a witness, and the failure to do so does not amount to ineffective assistance. See Placke, 341 S.W.3d at 818. Thus, Movant's argument that counsel was ineffective for failing to call this witness fails.
Movant also fails to show he was prejudiced by Trial Counsel's failure to call Harris. It cannot reasonably be argued, based on what Harris would have testified to, that there is a reasonable probability the results at trial would have been different if he had testified. See Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Further, Movant's argument that he was prejudiced because Trial Counsel had told the jury they would hear from Harris in his opening statement, and that the failure to call him allowed the State to make an adverse inference argument, also fails. While it is true that failing to present certain evidence promised in opening statements can call counsel's effectiveness into question, courts look to whether "unforeseeable events" occurring during the trial would justify counsel's change in trial strategy. Midgyett v. State, 392 S.W.3d 8, 13 (Mo. App. W.D. 2013). The State endorsed Harris prior to trial, so it was reasonable to assume the State would call him as a witness. And when the State did not call Harris, Trial Counsel considered what he would testify to and made the strategic decision that it was best for the defense not to call him either. We find that Trial Counsel's strategy was justified. See id. (finding the credibility of one witness's testimony was an unforeseeable event, and that, coupled with the fact that the cell phone evidence counsel had promised to present connected defendant to the crime, justified counsel's decision not to present the cell phone evidence as promised). Therefore, Movant's second Point is denied.
Whereas Trial Counsel did not reveal confidential information that harmed his client's interests and did not create an actual conflict of interest when making the record regarding the decision not to call Harris as a witness, and Trial Counsel's decision not to call Harris was reasonable *477 trial strategy that did not prejudice Movant, the motion court's denial of post-conviction relief was not clearly erroneous.
III. Conclusion
The motion court's judgment is affirmed.
Robert M. Clayton III, J., concurs. Angela T. Quigless, J., concurs.

All statutory references are to RSMo. 2000 unless otherwise indicated.

We address this issue in Movant's second point.